**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enesa Puljarga, | No. CV-22-00383-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Enesa Puljarga's Application for Social Security Disability benefits. Puljarga filed a Complaint (Doc. 1) seeking judicial review of that denial. The Court has reviewed the briefs and Administrative Record (Doc. 11) and now affirms the Administrative Law Judge's decision.

**I.    BACKGROUND**

Puljarga filed an application for Social Security Disability Insurance benefits on June 20, 2019, based on an alleged disability with an onset date of April 4, 2019. (Doc. 14 at 2.) After the Social Security Administration's initial and reconsideration denials, the Administrative Law Judge ("ALJ") issued an unfavorable decision on October 18, 2021, which became the final agency decision when the Social Security Administration Appeals Council denied a request for review. (*Id.*) The present appeal followed.

**II.    LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Puljarga makes two primary two arguments against the ALJ's decision. First, Puljarga argues that the ALJ erred by rejecting her symptom testimony without providing substantial evidence. (Doc. 14 at 18.) Second, Puljarga argues that the ALJ erred by rejecting the assessments from treating psychiatric nurse practitioner, Daniel Chafetz, without providing substantial evidence. (*Id.* at 12.)

### A. The ALJ did not err by rejecting Puljarga's symptom testimony.

Puljarga argues that the ALJ erred by rejecting her symptom testimony without providing substantial evidence. (*Id.* at 18.) The Commissioner responds by arguing that substantial evidence supported the ALJ's decision. (Doc. 17 at 4-7.) Specifically, the Commissioner claims Puljarga's activities were inconsistent with her allegations, objective evidence contradicted Puljarga's allegations, and Puljarga was satisfied with her medication management. (*Id.*)

The ALJ engages in a two-step analysis when evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 2014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment. *Id.* Second, unless there is evidence that the claimant is malingering, the ALJ must provide specific, clear, and convincing reasons for rejecting symptom testimony associated with the underlying impairment. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is the most demanding standard in Social Security cases. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Here, the ALJ found an underlying impairment and cited no evidence of malingering. (Doc. 11-3 at 14-26.) Accordingly, the ALJ needed to provide specific, clear and convincing reasons to discount Plaintiff's symptom testimony.

In making credibility determinations, an ALJ may consider a variety of factors in evaluating symptom testimony including, "[the claimant's] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties

concerning the nature, severity, and effect of the symptoms of which [she] complains." *Light v. Soc. Sec. Admin., Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997). Here, the ALJ presented three bases for discounting Puljarga's testimony: (1) the objective medical evidence is inconsistent with Puljarga's allegations; (2) Puljarga's activities were inconsistent with her claimed limitations; and (3) Puljarga was satisfied with her medication management and declined more advanced treatment.

In discounting Puljarga's symptom testimony, the ALJ properly relied on the objective medical evidence in the record. Before explaining why it was rejected, the ALJ explicitly recited Puljarga's symptom testimony regarding difficulty with lifting, squatting, bending, walking, kneeling, stair climbing, following instructions, memory and concentration. (Doc. 11-3 at 20.) The ALJ concluded that Puljarga's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely consistent with the evidence in the record. (*Id.* at 21.) In making these credibility determinations, the ALJ pointed to multiple inconsistent examination results. For example, in March 2019, Puljarga complained of chest pain around the ribs and thoracic spine, but medical imaging showed only mild degenerative changes of the thoracic spine and no radiographic abnormality or fracture of her ribs. (*Id.*) Similarly, in September 2019, Puljarga complained of chronic pain, arthritis, and left leg numbness, but she was able to walk to the exam room, sit comfortably, lay down, get up without difficulty, walk on toes and heels, had good dexterity of her hands, and performed rapid alternating movements with her hands. (*Id.*) The ALJ also properly relied on the medical opinion testimony of state agency medical consultants N. Keer, D.O., and Deborah Wafer, M.D., who the ALJ found generally persuasive. (*Id.* at 23.) These consultants assessed that Puljarga could perform a range of light work with additional limitations, and the ALJ found that their assessments were consistent with the evidence as a whole. (*Id.*)

The Court finds that the ALJ's explanations detailing the inconsistencies between Puljarga's testimony, and the objective medical evidence provided specific, clear, and convincing reasons supported by substantial evidence to reject Puljarga's symptom

testimony. Thus, the ALJ did not err in rejecting Puljarga's symptom testimony.

The Court need not discuss the ALJ's use of Puljarga's daily activities and satisfaction with medication management to discount her symptom testimony since any other error in assessing Puljarga's subjective complaints is harmless so long as a valid reason for rejecting them remains. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

**B.     The ALJ did not err by rejecting P.N.P Daniel Chafetz's assessments.**

Puljarga argues that the ALJ erred by rejecting P.N.P Daniel Chafetz's assessments without providing substantial evidence. (Doc. 14 at 12.) The Commissioner responds that substantial evidence supported the ALJ's rejection of Chafetz's assessment. (Doc. 17 at 9-13.) Specifically, the Commissioner argues that Chafetz's opinions were not supported by his own treatment records and were inconsistent with other evidence in the record.

In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The new regulations apply to claims filed on or after March 27, 2017. *Id.* Here, Puljarga filed her application after the effective date. (Doc. 14 at 2.) The Ninth Circuit has addressed the effect of the new regulations, so the Court begins with this issue. *See Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Under the old regulations, "[t]he law in the Ninth Circuit [was] that, although the ALJ must consider all medical opinion evidence, there is a hierarchy among the sources of medical opinions. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians." *Latahotchee v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05668-PHX-DWL, 2021 WL 267909, at *4 (D. Ariz. 2021) (citation omitted). Based on this hierarchy, the Ninth Circuit consistently ruled that an ALJ may only reject an examining physician's opinion by providing "specific and legitimate reasons that are support by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The 2017 regulations provide that "[ALJs] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . The most important factors [an ALJ will] consider when [evaluating] the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to . . . explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

In *Woods*, the Ninth Circuit held that these revised regulations clearly intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion. *See Woods*, 32 F.4th at 792. Nonetheless, in so holding, the Ninth Circuit stressed that an ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ met the revised regulations' articulation standards in finding Chafetz's opinions to be unpersuasive. First, the ALJ explained that Chafetz's opinions regarding Puljarga's limitations lacked supportability because they were not supported by his own treatment records. (Doc. 11-3 at 25.) To illustrate this, the ALJ found that Chafetz's September 2020 report where he indicated that Puljarga was cooperative, had good judgment, a logical thought process, and an average fund of knowledge was inconsistent with his later claims that Puljarga was severely impaired in performing even simple tasks around that same time. (*Id.*). Second, the ALJ sufficiently explained why he believed Chafetz's opinions lacked consistency. The ALJ found that Chafetz's opinions regarding Puljarga's limitations were inconsistent with other evidence in the record. (*Id.*) Namely, the ALJ highlighted a consultative examination where Puljarga was able to understand, remember, carry out simple instructions, and maintain attention. (*Id.*) The ALJ found that

these demonstrated abilities were inconsistent with Chafetz's opinion of Puljarga's limitations. (*Id.*) The ALJ also found Chafetz's opinion to be inconsistent with Puljarga's reports where she stated she could do basic chores around the house and participate in activities such as reading, going shopping, swimming, and visiting her family. (*Id.*) The Court finds the ALJ properly explained how he considered the supportability and consistency factors and provided substantial evidence to support his conclusion. As a result, the ALJ did not err in finding P.N.P Chafetz's opinions to be unpersuasive.

As remand is not appropriate here, the Court need not address the credit-as-true analysis.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the October 18, 2021 decision of the Administrative Law Judge (Doc. 11-3 at 26), as upheld by the Appeals Council on January 18, 2022. (Doc. 11-3 at 2).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 15th day of March, 2023.

Michael T. Liburdi
United States District Judge